1

2

3

4

5

6

7

# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

8  JAMES BOWELL,                              CASE NO. 1:10-CV-02336-AWI-DLB PC

9                     Plaintiff,             ORDER DISMISSING COMPLAINT FOR
                                             FAILURE TO STATE A CLAIM WITH
10       v.                                   LEAVE TO AMEND

11  CALIFORNIA SUBSTANCE ABUSE               (DOC. 1)
    TREATMENT FACILITY AT CORCORAN,
12  et al.,                                   RESPONSE DUE WITHIN THIRTY DAYS

13                     Defendants.

14  _____/

15

16                          **Screening Order**

17  I.    **Background**

18         Plaintiff James Bowell ("Plaintiff") is a prisoner in the custody of the California

19  Department of Corrections and Rehabilitation ("CDCR").  Plaintiff is proceeding pro se and in

20  forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983.  Plaintiff initiated this

21  action by filing his complaint on December 15, 2010.  Doc. 1.

22         The Court is required to screen complaints brought by prisoners seeking relief against a

23  governmental entity or officer or employee of a governmental entity.  28 U.S.C. § 1915A(a).  The

24  Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are

25  legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or

26  that seek monetary relief from a defendant who is immune from such relief.  28 U.S.C.

27  § 1915A(b)(1),(2).  "Notwithstanding any filing fee, or any portion thereof, that may have been

28  paid, the court shall dismiss the case at any time if the court determines that . . . the action or

1 | appeal . . . fails to state a claim upon which relief may be granted."  28 U.S.C. §

2 | 1915(e)(2)(B)(ii).

3 |      A complaint must contain "a short and plain statement of the claim showing that the

4 | pleader is entitled to relief . . . ."  Fed. R. Civ. P. 8(a)(2).  Detailed factual allegations are not

5 | required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere

6 | conclusory statements, do not suffice."  *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009) (citing

7 | *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)).  Plaintiff must set forth "sufficient factual

8 | matter, accepted as true, to 'state a claim that is plausible on its face.'"  *Id.* (quoting *Twombly*,

9 | 550 U.S. at 555).  While factual allegations are accepted as true, legal conclusions are not.  *Id.*

10 | **II.**    **Summary Of Complaint**

11 |      Plaintiff was previously incarcerated at California Substance Treatment Facility

12 | ("SATF") in Corcoran, California, and High Desert State Prison ("HDSP") in Susanville,

13 | California.  Plaintiff names as Defendants: M. Ancheta, L. Metzler, R. Kifer, and M. J. Gaedke,

14 | dentists employed at SATF; V. Fanous, chief dentist at SATF; C. Lewis, dentist at HDSP; C.

15 | Hopson, supervising dentist at HDSP; R. J. Leo, chief dental officer at HDSP; T. Kimura, chief

16 | third level dentist manager, at CDCR in Sacramento; and J. Walker, associate deputy director of

17 | dental health services, at CDCR in Sacramento.

18 |      Plaintiff alleges the following.  On May 25, 2008, defendant M. Ancheta wrongfully

19 | extracted a molar that could have been repaired in the community (presumably a reference to

20 | other dentists in the area).[1]  The extraction of the molar took over thirty minutes.  During the

21 | extraction, Defendant Ancheta knocked Plaintiff's front tooth loose by bumping it several times.

22 | The unnecessary molar extraction caused a number of problems, including Plaintiff being unable

23 | to eat on the left side of his mouth, the bite of his teeth being off, loss of weight from 170 to 140

24 | pounds, left side of Plaintiff's neck becoming loose from lack of biting, damage to Plaintiff's jaw

25 | bone, and bone loss and pain.  Pl.'s Compl. ¶¶ 5-7.

26 |      On January 18, 2008, Defendant Metzler stated that Plaintiff's molars could be repaired

27 |

28 |     [1] Plaintiff makes a general allegation that the "dental deprivation" stems from August 8, 1991.  Pl.'s Compl. ¶ 2.  There are no other allegations to support this.  All of Plaintiff's allegations are from 2008.

1   out in the community by a local dentist.  Pl.'s Compl. ¶ 8.

2        On February 25, 2008, in response to Plaintiff's 602 inmate grievance, Defendant Gaedke

3   stated that CDCR does not provide root canal treatment for posterior teeth, including Plaintiff's

4   molar.  Pl.'s Compl. ¶ 9.

5        On April 22, 2008, Defendant R. Kifer attempted to pull two teeth, stating that tooth No.

6   13 cannot be easily restored, and that SATF provides only a silver crown.  Plaintiff found that to

7   be unacceptable.  Pl.'s Compl. ¶ 10.

8        On June 17, 2008, Defendant V. Fanous during an interview stated that Plaintiff will not

9   be provided off-site dental care based on the Department Operations Manual.  Pl.'s Compl. ¶ 11.

10  Plaintiff was then transferred to HDSP, and his inmate grievance also followed.  Pl.'s Compl. ¶

11  12.

12       On December 17, 2008, Defendant C. Lewis stated that because Plaintiff refused to sign a

13  liability release form for dental services, he would not repair Plaintiff's teeth.  Pl.'s Compl. ¶ 13.

14  On February 20, 2009, Defendant C. Hopson affirmed Defendant C. Lewis's decision, denying

15  Plaintiff's request for offsite dental services and cosmetic bonding.  Pl.'s Compl. ¶ 14.  On

16  December 22, 2008, and March 9, 2009, Defendant R. J. Leo affirmed the denial of Plaintiff's

17  requests.  Pl.'s Compl. ¶ 15.

18       On October 30, 2009, Defendant T. Kimura at the Director's level ruled against Plaintiff

19  in the inmate appeal process, finding that Plaintiff was receiving treatment that was medically

20  necessary.  Pl.'s Compl. ¶ 16.  On February 9, 2010, Defendant J. Walker ruled against Plaintiff,

21  affirming the lower level responses to Plaintiff's inmate appeals.  Pl.'s Compl. ¶ 17.[2]

22       Plaintiff alleges violations of the Eighth, Ninth, and Fourteenth Amendments, as well as

23  dental malpractice.  Plaintiff requests as relief declaratory judgment and monetary damages.

24  ///

25  ///

26  ///

27

28       [2] Based on the inmate appeals submitted and incorporated by reference into Plaintiff's complaint, it appears
that Plaintiff filed two separate inmate appeals related to the same issue.

1   **III.**   **Analysis**

2       **A.**   **Ninth Amendment**

3       The Ninth Amendment states, "[t]he enumeration in the Constitution of certain rights

4   shall not be construed to deny or disparage others retained by the people."  The Ninth

5   Amendment has never been recognized as "independently securing any constitutional right, for

6   purposes of pursuing a civil rights claim."  *See Strandberg v. Helena*, 791 F.2d 744, 748 (9th Cir.

7   1986).  Plaintiff fails to state a claim under the Ninth Amendment.

8       **B.**   **Fourteenth Amendment**

9       The Fourteenth Amendment prohibits deprivation of liberty without due process of law.

10  U.S. Const. amend. XIV, § 1.  "[W]here a particular amendment provides an explicit textual

11  source of constitutional protection against a particular sort of government behavior, that

12  Amendment, not the more generalized notion of substantive due process, must be the guide for

13  analyzing a plaintiff's claims."  *Patel v. Penman*, 103 F.3d 850, 874 (9th Cir. 1996) (citations,

14  internal quotations, and brackets omitted).  Here, the Eighth Amendment, and not the more

15  generalized notion of due process, is the explicit textual source of Plaintiff's constitutional

16  protection.  Thus, Plaintiff's Fourteenth Amendment claims will be denied.

17      **C.**   **Eighth Amendment**

18      The Eighth Amendment prohibits cruel and unusual punishment.  "The Constitution does

19  not mandate comfortable prisons."  *Farmer v. Brennan*, 511 U.S. 825, 832 (1994) (quotation and

20  citation omitted).   A prisoner's claim of inadequate medical care does not rise to the level of an

21  Eighth Amendment violation unless (1) "the prison official deprived the prisoner of the 'minimal

22  civilized measure of life's necessities,'" and (2) "the prison official 'acted with deliberate

23  indifference in doing so.'"  *Toguchi v. Chung*, 391 F.3d 1051, 1057 (9th Cir. 2004) (quoting

24  *Hallett v. Morgan*, 296 F.3d 732, 744 (9th Cir. 2002) (citation omitted)).  The deliberate

25  indifference standard involves an objective and a subjective prong.  First, the alleged deprivation

26  must be, in objective terms, "sufficiently serious . . . ."  *Farmer*, 511 U.S. at 834 (citing *Wilson v.*

27  *Seiter*, 501 U.S. 294, 298 (1991)).  Second, the prison official must "know[] of and disregard[]

28  an excessive risk to inmate health or safety . . . ."  *Id.* at 837.

4

"Deliberate indifference is a high legal standard." *Toguchi*, 391 F.3d at 1060. "Under this standard, the prison official must not only 'be aware of the facts from which the inference could be drawn that a substantial risk of serious harm exists,' but that person 'must also draw the inference.'" *Id.* at 1057 (quoting *Farmer*, 511 U.S. at 837). "'If a prison official should have been aware of the risk, but was not, then the official has not violated the Eighth Amendment, no matter how severe the risk.'" *Id.* (quoting *Gibson v. County of Washoe, Nevada*, 290 F.3d 1175, 1188 (9th Cir. 2002)).

Plaintiff fails to state a claim against Defendant Ancheta. Plaintiff alleges insufficient facts to indicate that Defendant Ancheta knew of and disregarded an excessive risk to Plaintiff's health. Plaintiff's allegations amount at most to negligence, which fails to state an Eighth Amendment claim. *Estelle v. Gamble*, 429 U.S. 97, 106 (1976).

Plaintiff fails to state a claim against Defendant Metzler. It is unclear what the serious harm is. Even if Plaintiff had sufficiently alleged a serious harm, Plaintiff's allegations amount at most to a difference of opinion between the Plaintiff and the dentist concerning the appropriate course of treatment, which does not rise to the level of deliberate indifference to a serious medical need. *Toguchi*, 391 F.3d at 1058; *Jackson v. McIntosh*, 90 F.3d 330, 332 (9th Cir. 1996). Plaintiff also fails to state a claim against Defendants Gaeke and R. Kifer, for the same reason as Defendant Metzler.

Plaintiff fails to state a claim against Defendant Lewis. Again, it is unclear what the serious harm is. Plaintiff's allegations indicate that he refused treatment, which fails to demonstrate that Defendant Lewis disregarded an excessive risk to Plaintiff's health. *Farmer*, 511 U.S. at 837. Isolated incidents of neglect do not constitute deliberate indifference. *Jett v. Penner*, 439 F.3d 1091, 1096 (9th Cir. 2006).

Plaintiff fails to state a claim against Defendants Vanous, Hopson, and Leo. Prisoners have no right to outside medical care to supplement the medical care provided by the prison. *Roberts v. Spalding*, 783 F.2d 867, 870 (9th Cir. 1986).

Plaintiff fails to state a claim against Defendants Kimura and Walker. Based on the submitted exhibits incorporated into Plaintiff's complaint, Plaintiff was provided medically

necessary treatment.  Again, Plaintiff's allegations amount at most to a difference of opinion

between the Plaintiff and the dentist concerning the appropriate course of treatment, which does

not rise to the level of deliberate indifference to a serious medical need.  *Toguchi*, 391 F.3d at

1058.  Plaintiff's claims appear to arise solely from their actions in denying his appeal, which

fails to state a claim, as prisoners has no due process right to a specific inmate grievance

procedure.  *Ramirez v. Galaza*, 334 F.3d 850, 860 (9th Cir. 2003) (citing *Mann v. Adams*, 855

F.2d 639, 640 (9th Cir. 1988)).

### D.     Supervisory Liability

The Supreme Court recently emphasized that the term "supervisory liability," loosely

and commonly used by both courts and litigants alike, is a misnomer.  *Iqbal*, 129 S. Ct. at 1949.

"Government officials may not be held liable for the unconstitutional conduct of their

subordinates under a theory of *respondeat superior*."  *Id.* at 1948.  Rather, each government

official, regardless of his or her title, is only liable for his or her own misconduct.

When the named defendant holds a supervisorial position, the causal link between the

defendant and the claimed constitutional violation must be specifically alleged.  *See Fayle v.

Stapley*, 607 F.2d 858, 862 (9th Cir. 1979); *Mosher v. Saalfeld*, 589 F.2d 438, 441 (9th Cir.

1978).  To state a claim for relief under § 1983 for supervisory liability, plaintiff must allege

some facts indicating that the defendant either: personally participated in the alleged deprivation

of constitutional rights; knew of the violations and failed to act to prevent them; or promulgated

or "implemented a policy so deficient that the policy 'itself is a repudiation of constitutional

rights' and is 'the moving force of the constitutional violation.'"  *Hansen v. Black*, 885 F.2d 642,

646 (9th Cir. 1989) (internal citations omitted); *Taylor v. List*, 880 F.2d 1040, 1045 (9th Cir.

1989).

Here, Plaintiff names Defendants Vanous, Hopson, Leo, Kimura, and Walker, all of

whom have supervisory positions.  Plaintiff fails to demonstrate that any of these Defendants

personally participated in the deprivation of constitutional rights, knew of constitutional

violations and failed to act to prevent them, or promulgated or implemented a policy that violated

1 | Plaintiff's constitutional rights. *Hansen*, 885 F.2d at 646; *Taylor*, 880 F.2d at 1045.[3]

2 | **E.      State Law Claims and Supplemental Jurisdiction**

3 | Plaintiff alleges dental malpractice by Defendants. Because Plaintiff has failed to allege

4 | any cognizable federal claims, the Court declines to exercise supplemental jurisdiction over any

5 | state law claims. 28 U.S.C. § 1367(c)(3).

6 | **IV.    Conclusion And Order**

7 | Plaintiff's complaint is dismissed for failure to state a claim against any Defendants. The

8 | Court will provide Plaintiff with an opportunity to file a first amended complaint curing the

9 | deficiencies identified by the Court in this order. *Noll v. Carlson*, 809 F.2d 1446, 1448-49 (9th

10 | Cir. 1987). Plaintiff may not change the nature of this suit by adding new, unrelated claims in his

11 | amended complaint. *George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007) (no "buckshot"

12 | complaints).

13 | If Plaintiff decides to amend, Plaintiff's amended complaint should be brief, Fed. R. Civ.

14 | P. 8(a), but must state what each named defendant did that led to the deprivation of Plaintiff's

15 | constitutional or other federal rights. *Iqbal*, 129 S. Ct. at 1949. Although accepted as true, the

16 | "[f]actual allegations must be [sufficient] to raise a right to relief above the speculative level . . .

17 | ." *Twombly*, 550 U.S. at 555.

18 | Finally, Plaintiff is advised that an amended complaint supersedes the original complaint,

19 | *Forsyth v. Humana, Inc.*, 114 F.3d 1467, 1474 (9th Cir. 1997); *King v. Atiyeh*, 814 F.2d 565, 567

20 | (9th Cir. 1987), and must be "complete in itself without reference to the prior or superseded

21 | pleading," L. R. 220. Plaintiff is warned that "[a]ll causes of action alleged in an original

22 | complaint which are not alleged in an amended complaint are waived." *King*, 814 F.2d at 567

23 | (citing to *London v. Coopers & Lybrand*, 644 F.2d 811, 814 (9th Cir. 1981)); *accord Forsyth*,

24 | 114 F.3d at 1474.

25 | ///

26 |

27 |

28 | [3] Plaintiff also seeks damages against the CDCR. The Eleventh Amendment bars suits against state agencies, as well as those where the state itself is named as a defendant. *Lucas v. Dep't Of Corr.*, 66 F.3d 245, 248 (9th Cir. 1995) (per curiam); *Taylor*, 880 F.2d at 1045. Plaintiff thus fails to state a claim against CDCR.

Accordingly, based on the foregoing, it is HEREBY ORDERED that:

1.  The Clerk's Office shall send Plaintiff a complaint form;

2.  Plaintiff's complaint is dismissed for failure to state a claim, with leave to file a first amended complaint within **thirty (30) days** from the date of service of this order; and

3.  If Plaintiff fails to comply with this order, the Court will recommend dismissal of this action for failure to obey a court order and failure to state a claim.

IT IS SO ORDERED.

**Dated:**   **June 7, 2011**          /s/ **Dennis L. Beck**
UNITED STATES MAGISTRATE JUDGE