# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JAMES BOWELL, | CASE NO. 1:10-CV-02336-AWI-DLB PC |
| Plaintiff, | ORDER DENYING OBJECTIONS |
| v. | ORDER DENYING MOTION FOR STAY OF PROCEEDINGS |
| CALIFORNIA STATE SUBSTANCE ABUSE TREATMENT FACILITY AT CORCORAN, et al., | (DOC. 11) |
| Defendants. | |

Plaintiff James Bowell ("Plaintiff") is a prisoner in the custody of the California Department of Corrections and Rehabilitation ("CDCR"). Plaintiff is proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983. On December 15, 2010, Plaintiff filed his complaint. On June 7, 2011, the Magistrate Judge assigned to this action screened Plaintiff's complaint and dismissed it for failure to state a claim with leave to amend. Pending before the Court are: 1) Plaintiff's objections to the magistrate judge's order and 2) Plaintiff's motion for stay of the proceedings, filed June 16, 2011. Doc. 11.

Federal Rule of Civil Procedure 72 governs magistrate judge jurisdiction. Rule 72(a) states in pertinent part: "The district judge in the case must consider timely objections and modify or set aside any part of the [magistrate judge's] order that is *clearly erroneous or is contrary to law*." Fed. R. Civ. P. 72(a) (emphasis added); *see* 28 U.S.C. § 636(b)(1)(A). Under the clearly erroneous standard of review, a district court may overturn a magistrate judge's ruling "'only if the district court is left with the definite and firm conviction that a mistake has been

1

made.'" *Computer Economics, Inc. v. Gartner Group, Inc.*, 50 F. Supp. 2d 980, 983 (S.D. Cal. 1999) (quoting *Weeks v. Samsung Heavy Indus. Co., Ltd.*, 126 F.3d 926, 943 (7th Cir. 1997)). Under the contrary to law standard, a district court may conduct independent review of purely legal determinations by a magistrate judge. *Id.*

Here, Plaintiff contends that his allegations are sufficient for medical malpractice. Plaintiff alleges some sort of conspiracy by the magistrate judge regarding his order. Plaintiff also seeks appointment of counsel.

Plaintiff's arguments are without merit. Medical malpractice fails to state a cognizable Section 1983 claim because medical malpractice does not violate the Constitution. *See Estelle v. Gamble*, 429 U.S. 97, 106 (1976) ("[A] complaint that a physician has been negligent in diagnosing or treating a medical condition does not state a valid claim of medical mistreatment under the Eighth Amendment. Medical malpractice does not become a constitutional violation merely because the victim is a prisoner."). Additionally, the United States Magistrate Judge is entitled to absolute judicial immunity from Section 1983 damages actions. *Tanner v. Heise*, 879 F.2d 572, 576-78 (9th Cir. 1989). The Court finds that the Magistrate Judge's order was not clearly erroneous or contrary to law.

Regarding a stay of the proceedings, Plaintiff contends that due to his incarceration, he is unable to seek representation by a law firm or to find expert witnesses. Plaintiff requests a stay for one year. Plaintiff currently fails to state a claim. Plaintiff's incarceration is not good cause to merit a stay of these proceedings. The Court will not grant a stay in this action.

Accordingly, it is HEREBY ORDERED that Plaintiff's objections and motion to stay are denied. Plaintiff is GRANTED thirty days in which to file an amended complaint as set forth in the court's June 7, 2011 order.

IT IS SO ORDERED.

Dated:   August 9, 2011

CHIEF UNITED STATES DISTRICT JUDGE