# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JAMES BOWELL,<br><br>            Plaintiff,<br><br>    v.<br><br>CALIFORNIA SUBSTANCE ABUSE TREATMENT FACILITY AT CORCORAN, et al.,<br><br>            Defendants.<br>_____/ | CASE NO. 1:10-CV-02336-AWI-DLB PC<br><br>FINDINGS AND RECOMMENDATIONS RECOMMENDING DISMISSAL OF PLAINTIFF'S ACTION FOR FAILURE TO STATE A CLAIM (DOC. 10)<br><br>OBJECTIONS, IF ANY, DUE WITHIN TWENTY-ONE DAYS |

### **Findings and Recommendations**

**I.    Background**

      Plaintiff James Bowell ("Plaintiff") is a prisoner in the custody of the California Department of Corrections and Rehabilitation ("CDCR"). Plaintiff is proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff initiated this action by filing his complaint on December 15, 2010. Doc. 1. On June 7, 2011, the Court dismissed the complaint and granted Plaintiff leave to amend. Plaintiff failed to file a timely amended complaint. On August 12, 2011, the Court issued an Order to Show Cause why the action should not be dismissed for failure to obey a court order and for failure to state a claim. On August 23, 2011, Plaintiff filed a First Amended Complaint ("FAC"). Given Plaintiff's filing, the Order to Show Cause is HEREBY DISCHARGED. Accordingly, the FAC is now before the Court for screening.

      The Court is required to screen complaints brought by prisoners seeking relief against a

governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1),(2). "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that . . . the action or appeal . . . fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii).

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief . . . ." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). Plaintiff must set forth "sufficient factual matter, accepted as true, to 'state a claim that is plausible on its face.'" *Id.* (quoting *Twombly*, 550 U.S. at 555). While factual allegations are accepted as true, legal conclusions are not. *Id.*

## II.     Summary Of Complaint

Plaintiff was previously incarcerated at California Substance Treatment Facility ("SATF") in Corcoran, California. Plaintiff names as Defendants: M. Ancheta, L. Metzler, R. Kifer, and M. J. Gaedke, dentists employed at SATF; and V. Fanous, chief dentist at SATF.

As in his original complaint, Plaintiff alleges the following: On January 18, 2008, Defendant L. Metzler stated that Plaintiff's molars #19 and #13 would be repaired by a dentist in the community, but the prison will only pull both under existing policy. FAC ¶ 1.

On February 25, 2008, in response to Plaintiff's 602 inmate grievance, Defendant Gaedke stated that CDCR does not provide root canal treatment for posterior teeth, including Plaintiff's molar. FAC ¶ 2.

On April 22, 2008, Defendant R. Kifer attempted to convince Plaintiff to extract two teeth, #19 and #13, stating they could be easily restored, and that SATF provides only a silver crown. FAC ¶ 3.

2

On May 25, 2008, defendant M. Ancheta refused root canal treatment, forcing Plaintiff to have a tooth extraction of the #19 molar. The extraction took over thirty minutes. During the extraction, Defendant Ancheta knocked Plaintiff's front tooth loose by bumping it. The unnecessary molar extraction caused a number of problems, including Plaintiff being unable to eat on the left side of his mouth, the bite of his teeth being off, loss of weight from 170 to 140 pounds, left side of Plaintiff's neck becoming loose from lack of biting and damage to Plaintiff's jaw bone. FAC ¶¶ 4.

On June 17, 2008, Defendant V. Fanous, during a grievance appeal, refused to provide off-site dental care per the California Code of Regulations. FAC ¶ 5.

Plaintiff alleges violation of the Eighth Amendment, as well as dental malpractice. Plaintiff requests declaratory judgment and monetary damages.

### III.    Analysis

#### A.    Eighth Amendment

The Eighth Amendment prohibits cruel and unusual punishment. "The Constitution does not mandate comfortable prisons." *Farmer v. Brennan*, 511 U.S. 825, 832 (1994) (quotation and citation omitted). A prisoner's claim of inadequate medical care does not rise to the level of an Eighth Amendment violation unless (1) "the prison official deprived the prisoner of the 'minimal civilized measure of life's necessities,'" and (2) "the prison official 'acted with deliberate indifference in doing so.'" *Toguchi v. Chung*, 391 F.3d 1051, 1057 (9th Cir. 2004) (quoting *Hallett v. Morgan*, 296 F.3d 732, 744 (9th Cir. 2002) (citation omitted)). The deliberate indifference standard involves an objective and a subjective prong. First, the alleged deprivation must be, in objective terms, "sufficiently serious . . . ." *Farmer*, 511 U.S. at 834 (citing *Wilson v. Seiter*, 501 U.S. 294, 298 (1991)). Second, the prison official must "know[] of and disregard[] an excessive risk to inmate health or safety . . . ." *Id.* at 837.

"Deliberate indifference is a high legal standard." *Toguchi*, 391 F.3d at 1060. "Under this standard, the prison official must not only 'be aware of the facts from which the inference could be drawn that a substantial risk of serious harm exists,' but that person 'must also draw the inference.'" *Id.* at 1057 (quoting *Farmer*, 511 U.S. at 837). "'If a prison official should have

3

been aware of the risk, but was not, then the official has not violated the Eighth Amendment, no matter how severe the risk.'" *Id.* (quoting *Gibson v. County of Washoe, Nevada*, 290 F.3d 1175, 1188 (9th Cir. 2002)).

In his FAC, Plaintiff again fails to state a claim against Defendant Ancheta. As before, Plaintiff alleges insufficient facts to indicate that Defendant Ancheta knew of and disregarded an excessive risk to Plaintiff's health. Plaintiff's allegations amount at most to negligence, which fails to state an Eighth Amendment claim. *Estelle v. Gamble*, 429 U.S. 97, 106 (1976). Furthermore, any difference of opinion between Plaintiff and the dentist concerning the appropriate course of treatment does not rise to the level of deliberate indifference to a serious medical need. *Toguchi*, 391 F.3d at 1058; *Jackson v. McIntosh*, 90 F.3d 330, 332 (9th Cir. 1996)

Plaintiff again fails to state a claim against Defendant Metzler. As with his original complaint, Plaintiff has not alleged any serious harm. Even if Plaintiff had sufficiently alleged a serious harm, Plaintiff's allegations continue to amount to a difference of opinion between the Plaintiff and the dentist concerning the appropriate course of treatment, which, as stated, does not rise to the level of deliberate indifference to a serious medical need. *Toguchi*, 391 F.3d at 1058; *Jackson*, 90 F.3d at 332. Plaintiff also fails to state a claim against Defendants Gaeke and R. Kifer, for the same reason as Defendant Metzler.

In his FAC, Plaintiff again fails to state a claim against Defendant Vanous. Prisoners have no right to outside medical care to supplement the medical care provided by the prison. *Roberts v. Spalding*, 783 F.2d 867, 870 (9th Cir. 1986).

**B.    Supervisory Liability**

The Supreme Court recently emphasized that the term "supervisory liability," loosely and commonly used by both courts and litigants alike, is a misnomer. *Iqbal*, 129 S. Ct. at 1949. "Government officials may not be held liable for the unconstitutional conduct of their subordinates under a theory of *respondeat superior*." *Id.* at 1948. Rather, each government official, regardless of his or her title, is only liable for his or her own misconduct.

When the named defendant holds a supervisorial position, the causal link between the defendant and the claimed constitutional violation must be specifically alleged. *See Fayle v.*

4

*Stapley*, 607 F.2d 858, 862 (9th Cir. 1979); *Mosher v. Saalfeld*, 589 F.2d 438, 441 (9th Cir. 1978).  To state a claim for relief under § 1983 for supervisory liability, plaintiff must allege some facts indicating that the defendant either: personally participated in the alleged deprivation of constitutional rights; knew of the violations and failed to act to prevent them; or promulgated or "implemented a policy so deficient that the policy 'itself is a repudiation of constitutional rights' and is 'the moving force of the constitutional violation.'"  *Hansen v. Black*, 885 F.2d 642, 646 (9th Cir. 1989) (internal citations omitted); *Taylor v. List*, 880 F.2d 1040, 1045 (9th Cir. 1989).

Here, Plaintiff names Defendant Vanous, who holds a supervisory position.  Plaintiff fails to demonstrate that Defendant Vanous personally participated in the deprivation of constitutional rights, knew of constitutional violations and failed to act to prevent them, or promulgated or implemented a policy that violated Plaintiff's constitutional rights.  *Hansen*, 885 F.2d at 646; *Taylor*, 880 F.2d at 1045.[1]

      **C.**     **State Law Claims and Supplemental Jurisdiction**

Plaintiff alleges dental malpractice by Defendants.  As Plaintiff has failed to allege any cognizable federal claims, the Court declines to exercise supplemental jurisdiction over any state law claims.  28 U.S.C. § 1367(c)(3).

**IV.**    **Leave to Amend**

Plaintiff previously was provided an opportunity to amend his complaint to allege additional facts to cure the deficiencies identified herein.  He was unable to do so.  Accordingly, further leave to amend will not be granted.  *See Lopez v. Smith*, 203 F.3d 1122, 1127 (9th Cir. 2000) (en banc).

**V.**    **Recommendation**

Based on the foregoing, it is HEREBY RECOMMENDED that:

1.     This action be dismissed for failure to state a claim upon which relief may be

---

[1] Plaintiff also seeks damages against the CDCR. The Eleventh Amendment bars suits against state agencies, as well as those where the state itself is named as a defendant. *Lucas v. Dep't Of Corr.*, 66 F.3d 245, 248 (9th Cir. 1995) (per curiam); *Taylor*, 880 F.2d at 1045. Plaintiff thus fails to state a claim against CDCR.

1       granted under 42 U.S.C. § 1983; and

2     2.     The Clerk of the Court be directed to close this action.

These Findings and Recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(1). Within **twenty-one (21) days** after being served with these Findings and Recommendations, the parties may file written objections with the Court. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. *Martinez v. Ylst*, 951 F.2d 1153, 1156-57 (9th Cir. 1991).

IT IS SO ORDERED.

**Dated:**   **November 16, 2011**          **/s/ Dennis L. Beck**
                                                UNITED STATES MAGISTRATE JUDGE